IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Edward Osborn, Sr.,

    Plaintiff,

    v.                          Case No. 2:17-cv-329

Principal Life Insurance
Company,

    Defendant.

OPINION AND ORDER

This is an action filed pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq., by plaintiff, Edward Osborn, Sr., against Principal Life Insurance Company ("Principal"), the administrator of the Romanoff Electric Inc., Project Coordinators Group Long Term Disability Insurance Plan ("the Plan"). Plaintiff was awarded disability benefits for a two-year period, but continued long-term benefits were disallowed when Principal concluded that plaintiff had failed to demonstrate that he was unable to perform the substantial and material duties of any occupation. In the first count of the complaint, plaintiff brings an action for recovery of benefits under 29 U.S.C. 1132(a)(1)(B), alleging that the defendants wrongfully denied him continued long-term disability benefits payable under the Plan. In the second count, plaintiff seeks equitable relief for breach of fiduciary duty under 29 U.S.C. §1132(a)(3). In the third count, plaintiff reiterates his contention that benefits were wrongfully denied and seeks a declaratory judgment concerning his rights under the Plan, as well as an injunction against the termination of benefits in the future.

I. Motion to Dismiss - Standards

This matter is before the court on Principal's motion for partial dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief for which relief may be granted. In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id., 550 U.S. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)("Threadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

II. Principal's Motion

A. Dismissal of Count Two

Principal seeks dismissal of plaintiff's breach of fiduciary duty claim advanced in Count Two. In that count, plaintiff alleges that Principal "still wrongfully denies Plaintiff benefits" and that Principal "breached its duty to administer the Plan with due care[.]" Complaint, Para. 65. Plaintiff seeks an order reinstating his long-term disability benefits or remanding the case to the claims administrator for a full and fair review. Complaint, Paras. 67, 72. Pursuant to §1132(a)(3), plaintiff also requests the issuance of an injunction prohibiting the defendants from denying his benefit claims and ordering defendants to properly review his benefit claims, and other equitable relief to redress defendants' violation of ERISA or the Plan. Complaint, Paras. 65, 68-70. Plaintiff also alleges that the defendants violated ERISA and/or the Plan's claims procedures, citing 29 U.S.C. §1133. Complaint, Para. 71.

Principal argues that relief is not available under §1132(a)(3) because plaintiff's breach of fiduciary duty claim is nothing more than a restatement of the §1132(a)(1)(B) claim asserted in Count One. In <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 515 (1996), the Supreme Court held that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief would normally not be appropriate." The Supreme Court noted that "ERISA specifically provides a remedy for breaches of

3

fiduciary duty with respect to interpretation of plan documents and the payment of claims" through a cause of action under §1132(a)(1)(B), and that the remedy for "other breaches of other sorts of fiduciary obligation" may be sought under the "catchall" provision in §1132(a)(3). Id. at 512.

The Sixth Circuit in Wilkins v. Baptist Healthcare Sys. Inc., 150 F.3d 609, 615 (6th Cir. 1998), interpreted Varity Corp. as limiting "the applicability of §1132(a)(3) to beneficiaries who may not avail themselves of §1132's other remedies." See also Donati v. Ford Motor Co., General Retirement Plan, Retirement Committee, 821 F.3d 667, 673-74 (6th Cir. 2016)(plaintiff could not pursue a claim under §1132(a)(3) because she sought the same relief in her benefits claim); Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 491 (6th Cir. 2009)(relief under §1132(a)(3) not appropriate where plaintiff merely "repackages" a §1132(a)(1)(B) benefits claim); Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 454 (6th Cir. 2003)(affirming dismissal of plaintiff's §1132(a)(3) claim for breach of fiduciary duty because §1132(a)(1)(B) provided him with a remedy for the alleged injury of denial of benefits and permitted him to bring a lawsuit to challenge the denial of benefits).

The Sixth Circuit recently addressed this question in Rochow v. Life Ins. Co. of North America, 780 F.3d 364 (6th Cir. 2015)(en banc). The court held that a claimant cannot pursue a breach of fiduciary duty claim under §1132(a)(3) based solely on an arbitrary and capricious denial of benefits where the §1132(a)(1)(B) remedy is adequate to make the claimant whole. Id. at 371. A claimant can pursue a breach of fiduciary duty claim, irrespective of the degree of success obtained on a claim for recovery of benefits

4

under §1132(a)(1)(B), only where the breach of fiduciary duty claim is based on an injury separate and distinct from the denial of benefits, or where the remedy afforded by Congress under §1132(a)(1)(B) is otherwise shown to be inadequate. Id. at 372.

Rochow's §1132(a)(3) claim sought disgorgement of the defendant's profits resulting from defendant's ability to invest the funds which were not paid in benefits. Plaintiff suggests that a similar remedy may be appropriate in this case. The Sixth Circuit concluded that the ongoing withholding of benefits was a continuing effect of the denial of benefits, and that together they comprised a single injury. Id. at 373-74. The court noted that if an arbitrary and capricious denial of benefits implicated a breach of fiduciary duty entitling the claimant to disgorgement in addition to the recovery of benefits, then equitable relief would be potentially available whenever a benefits denial is held to be arbitrary or capricious, a result "plainly beyond and inconsistent with ERISA's purpose to make claimants whole." Id. at 372.

In Count Two, plaintiff alleges that Principal wrongfully discontinued long-term disability benefits to which he was entitled and failed to comply with the procedural requirements of ERISA. Complaint, Paras. 64-65, 67. The injury referred to in Count Two, that being the actions of Principal resulting in the denial of long-term disability benefits, is the same injury involved in his §1132(a)(1)(B) claim for benefits in Count One. Plaintiff also requests unspecified equitable relief and an injunction ordering Principal not to deny his benefit claims, citing §1132(a)(3). However, this is not a case where the relief provided by §1132(a)(1)(B) is inadequate, because the relief sought by

5

plaintiff in Count Two can be obtained if he prevails on his benefits claim. A benefits claim under §1132(a)(1)(B) asserted in Count One is an action "to recover benefits due [plaintiff] under the terms of his plan, [and] to enforce his rights under the terms of the plan[.]" §1132(a)(1)(B). If plaintiff prevails on his Count One claim for benefits, an order for the payment of benefits would result in the recovery of the benefits he seeks, and would have the same effect as an injunction to pay benefits.

In considering plaintiff's §1132(a)(1)(B) benefits claim, this court can also consider whether Principal breached its fiduciary duties in processing plaintiff's claim or in denying benefits. See Bagsby v. Central States, Southeast & Southwest Areas Pension Fund, 162 F.3d 424, 430 (6th Cir. 1998)(noting that an alleged breach of fiduciary duty may be relevant to a §1132(a)(1)(B) claim asserting that plan administrators acted arbitrarily and capriciously in denying benefits). In reviewing the record under either the de novo or the arbitrary and capricious standard, this court can consider whether Principal failed to follow the mandates of ERISA or the Plan's administrative claims procedures.

The court further notes that in Count Three, which repeats the benefits claim asserted in Count One, plaintiff reiterates his allegation that the termination of benefits was unreasonable and illegal. Complaint, Para. 77. He then requests relief in the form of a declaratory judgment regarding his right to benefits under the Plan. Complaint, Para. 79. This is not a form of relief which is only available under §1132(a)(3). A judgment declaring that Principal wrongfully denied plaintiff's claim for benefits can be awarded as a form of relief for the Count One benefits claim,

because under §1132(a)(1)(B), a participant or beneficiary can bring a civil action "to clarify his rights under the terms of the plan[.]"[1]

Because the relief sought by plaintiff under §1132(a)(3) is for the same injury (denial of benefits) as his §1132(a)(1)(B) claim, and because plaintiff may obtain the relief he seeks under §1132(a)(1)(B), he cannot pursue a separate §1132(a)(3) claim in this case.

Principal also notes the allegation in Count Two that the defendants violated ERISA and/or the Plan's administrative claims procedures, citing 29 U.S.C. §1133. Complaint, Para. 71. That section requires employee benefit plans to provide adequate written notice of the reasons for denying a claim. 29 U.S.C. §1133(1). It also requires employee benefit plans to afford participants whose claims have been denied a reasonable opportunity for an appeal with full and fair review of the denial. 29 U.S.C. §1133(2). It is not clear from the complaint whether plaintiff, by referencing §1133, intends to assert a separate substantive claim for damages based on that section. If it is so construed, Principal argues that §1133 does not provide for a private cause of action for extra-contractual damages. See Walter v. International Ass'n of Machinists Pension Fund, 949 F.2d 310, 316 (10th Cir. 1991)(citing Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 135 (1985)(noting the general principle "that an employer's or plan's failure to comply with ERISA's procedural requirements does not

---

[1]The complaint states that the Plan is a policy of insurance sold in Ohio and subject to Ohio law. Complaint, Para. 78. However, any rights that plaintiff may have under the Plan are governed by ERISA and federal law. See 29 U.S.C. §1144(a).

entitle a claimant to a substantive remedy.")).

The court need not decide this issue because, insofar as plaintiff's complaint can be read as asserting a separate claim under §1133, that section, by its terms, imposes obligations on an "employee benefit plan," not on plan administrators such as Principal. See Stuhlreyer v. Armco, Inc., 12 F.3d 75, 79 (6th Cir. 1993). Therefore, Principal's motion to dismiss this allegation, insofar as it may assert a separate claim for liability under §1133 against Principal, is well taken. However, this court can consider whether the Plan complied with the §1133 requirements in determining whether the denial of benefits was contrary to ERISA. Further, if this court determines that the terms of the Plan did not provide for a full and fair review as required under §1133, this court may remand this matter to the administrator for further proceedings. See Moyer v. Metropolitan Life Ins. Co., 762 F.3d 505, 507 (6th Cir. 2014).

B. Dismissal of Claim for Future Benefits

In Count Three, plaintiff seeks to "enjoin the Defendants from termination of benefits until future order from this court." Complaint, Para. 80. Principal moves to strike this language, arguing that it amounts to a claim for future benefits not permitted under ERISA. See Ford v. Uniroyal Pension Plan, 154 F.3d 613, 620 (6th Cir. 1998)(awarding interest on the present value of future benefits would overcompensate the plaintiffs and penalize defendant in violation of ERISA's purely compensatory remedial scheme); Wade v. Life Ins. Co. of North America, 245 F. Supp.2d 182, 188 (D. Me. 2003)(award of future benefits not yet accrued violates ERISA's purely compensatory remedial scheme).

The statement "until further order from this court" suggests that plaintiff is asking this court to exercise continuing jurisdiction over Principal's payment of benefits. This court does not have the authority to assume the administrator's role of determining whether plaintiff continues to satisfy the requirements for long-term disability benefits under the terms of the Plan, nor does this court have that kind of expertise. As the court in <u>Wade</u> noted, "no ERISA provision permits the Court to predict the future in order to fashion appropriate relief under the statute." <u>Wade</u>, 245 F. Supp.2d at 188. The requested order would also improperly restrict Principal's functions as Plan administrator. "Given that the circumstances affecting a claimant's eligibility for benefits may change, the insurance plan's administrator retains the authority to evaluate continuing eligibility." <u>Id.</u>; <u>see</u> <u>also</u> <u>Welsh v. Burlington Northern, Inc., Employee Benefits Plan</u>, 54 F.3d 1331, 1340 (8th Cir. 1995)(affirming the district court's declaration that plaintiff "is entitled to disability benefits in the future for as long as he is disabled," but noting that "nothing prevents the health insurance plan from evaluating whether [plaintiff] continues to be disabled in the future"). To the extent that plaintiff seeks an award of benefits "until future order from this court," the motion to strike is granted. In the event that plaintiff prevails in this action, this court will enter an appropriate order awarding benefits.

<u>III. Conclusion</u>

In accordance with the foregoing, Principal's motion (Doc. 14)to dismiss plaintiff's §1132(a)(3) claim in Count Two and his request for benefits "until future order from this court" is

9

granted.


Date: October 10, 2017              w/James L. Graham
                                James L. Graham
                                United States District Judge